UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Jasper Y.,[1]                                    )
                                                 )        C/A No. 8:25-cv-01370-DCC-WSB
                    Plaintiff,                    )
                                                 )
            v.                                    )
                                                 )        **REPORT AND RECOMMENDATION**
Frank Bisignano,[2] Commissioner of Social       )
Security,                                         )
                                                 )
                    Defendant.                    )
_____)

        This matter is before the Court for a Report and Recommendation pursuant to Local Civil

Rule 73.02(B)(2) (D.S.C.) and 28 U.S.C. § 636(c).  Plaintiff brought this action pursuant to

Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. §§ 405(g) and

1383(c)(3)) ("the Act"), to obtain judicial review of the Commissioner of Social Security's ("the

Commissioner") final decision denying his claims for disability insurance benefits ("DIB") and

supplemental security income benefits ("SSI") under Titles II and XVI of the Act.

## PROCEDURAL HISTORY

        Plaintiff filed applications under Title II for DIB and Title XVI for SSI on April 14, 2021.

R. 323-37.  In both applications, Plaintiff claimed a disability beginning March 31, 2021.  R. 323,

329.  These claims were denied initially on February 1, 2022, and also on reconsideration on

August 31, 2022.  R. 138, 148, 166, 176.  Plaintiff requested a hearing before an Administrative

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants only by their first names and last initials due to significant privacy concerns in social security cases.

[2] On May 7, 2025, Frank Bisignano became Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the Defendant in this matter.

Law Judge ("ALJ"). R. 182-83. An initial hearing was held on March 23, 2023, and a supplemental hearing was held on October 19, 2023. R. 45, 75. Both hearings were conducted telephonically. R. 49. Michael Ogden, an attorney, represented the Plaintiff at the hearings. R. 45, 75. Plaintiff testified at both hearings. R. 45-46, 53, 75-76, 90. Additionally, Robert Beadles, a vocational expert ("VE"), appeared and testified at the initial hearing, and Elizabeth Allen appeared and testified as a VE at the supplemental hearing. R. 45-46, 66, 75-76, 89-90.

The ALJ issued an unfavorable decision, dated December 20, 2023. R. 24-37. In making the determination that Plaintiff is not entitled to benefits, the ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026. R. 29.

2. The claimant has not engaged in substantial gainful activity since March 31, 2021, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*). R. 29.

3. The claimant has the following severe impairments: right tibia fracture (20 CFR 404.1520(c) and 416.920(c)). R. 30.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). R. 32.

5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) including lift/carry 50 pounds occasionally and 25 pounds frequently with standing and walking for six hours of an eight hour work day and sitting for six of an eight hour work day; never climb a ladder/rope/scaffold; frequent stooping, kneeling, crouching, crawling and climbing a ramp or stairs; avoid concentrated exposure to workplace hazards, such as unprotected heights and moving machinery, extreme cold and heat, and respiratory irritants such as dust, fumes, gases, etc. R. 32.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).  R. 36.

7. The claimant was born on October 9, 1965 and was 55 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).  R. 36.

8. The claimant has at least a high school education (Ex. 2E) (20 CFR 404.1564 and 416.964).  R. 36.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).  R. 36.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).  R. 36.

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).  R. 37.

On January 3, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review.  R. 8-13. Plaintiff filed this action for judicial review on March 6, 2025.  ECF No. 1.

## FACTUAL SUMMARY

Plaintiff, who was 55 years old on the alleged disability onset date of March 31, 2021, seeks disability based on impairments that he alleges limit his ability to work.  R. 36, 51.  Plaintiff has a prior history of cardiac issues including the placement of stents and an aortic aneurysm.  R. 54.  For his cardiac issues, he regularly takes medications, including, blood thinners, nitroglycerine, and blood pressure medication.  R. 54-55.  He also has a hernia.  R. 56. Additionally, Plaintiff complains of back pain.  R. 57.  However, the bulk of the medical records

involve a broken right leg with related surgery and treatment resulting from being struck by a car as a pedestrian in September of 2021.  R. 58, 829-2018, 2020-56.

## APPLICABLE LAW

The Commissioner's findings of fact are conclusive if they are supported by substantial evidence and were reached through application of the correct legal standard.  42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citations omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation and internal quotation marks omitted).  Moreover, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)," not on the reviewing court.  *Id.* (citation and internal quotation marks omitted); *see Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (stating that where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the evidence preponderates against the Commissioner's decision).  Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence.  *Slaughter v. Barnhart*, 124 F. App'x 156, 157 (4th Cir. 2005) (citation omitted).

However, the reviewing court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law.  *Rhonda J.H. v. Comm'r of Soc. Sec. Admin.,* C/A No. 8:22-cv-02899-JDA, 2024 WL 243471, at *1 (D.S.C. Jan. 23, 2024) (citations

4

omitted). When "the ALJ's decision is not supported by substantial evidence, [the reviewing court] may affirm, modify, or reverse the ALJ's ruling 'with or without remanding the cause for a rehearing.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (quoting 42 U.S.C. § 405(g)). Remand is unnecessary where "the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974) (citations omitted).

In cases where remand is deemed necessary, the court may remand a case to the Commissioner for a rehearing under sentence four or sentence six of 42 U.S.C. § 405(g). *See Shalala v. Schafer*, 509 U.S. 292, 296 (1993). "[T]o remand under sentence four, the reviewing court must find either that the Commissioner's decision is not supported by substantial evidence or that the Commissioner incorrectly applied the law relevant to the disability claim." *O'Quinn v. Saul*, C/A No. 2:19-cv-00067-DCN-MBG, 2019 WL 5387910, at *2 (D.S.C. Oct. 22, 2019) (citation and internal quotation marks omitted). Where the court cannot discern the basis for the Commissioner's decision, a remand under sentence four is usually the proper course to allow the Commissioner to explain the basis for the decision or for additional investigation. *See Radford*, 734 F.3d at 295 ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling."). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *See Smith v. Heckler*, 782 F.2d 1176, 1182 (4th Cir. 1986); *Nichols v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:20-cv-01660-CMC-JDA, 2021 WL 3621993, at *3 (D.S.C. July 26, 2021). After a remand under sentence four, the court enters a final and immediately appealable judgment and then loses jurisdiction. *Rhonda J.H.*, 2024 WL 243471, at *2 (citation omitted).

5

In contrast, sentence six provides as follows:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ….

42 U.S.C. § 405(g). A reviewing court may remand a case to the Commissioner on the basis of new evidence only if four prerequisites are met: (1) the evidence is "relevant to the determination of disability at the time the application was first filed"; (2) the evidence is "material to the extent that the [Commissioner's] decision might reasonably have been different had the new evidence been before her"; (3) there is "good cause for the claimant's failure to submit the evidence when the claim was before the [Commissioner]"; and (4) the claimant made "at least a general showing of the nature of the new evidence" to the reviewing court. *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985), *superseded by amendment to statute*, 42 U.S.C. § 405(g), *as recognized in Wilkins v. Sec'y, Dep't of Health & Hum. Servs.*, 925 F.2d 769, 774 (4th Cir. 1991) (citations and internal quotation marks omitted).[3] With remand under sentence six, the parties must return to the court after remand to file modified findings of fact. *O'Quinn*, 2019 WL 5387910, at *2 (citation omitted). The reviewing court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. *Id.*; *see Allen v. Chater*, C/A No. 95-

---

[3] Though the court in *Wilkins* indicated in a parenthetical that the four-part test set forth in *Borders* had been superseded by an amendment to 42 U.S.C. § 405(g), courts within the United States Court of Appeals for the Fourth Circuit have continued to cite the requirements outlined in *Borders* when evaluating a claim for remand based on new evidence. *See, e.g., Miller v. Barnhart*, 64 F. App'x 858, 859-60 (4th Cir. 2003); *Rapheal M.S. v. Comm'r of Soc. Sec. Admin.*, C/A No. 8:22-cv-04301-DCN-JDA, 2024 WL 1528507, at *3 (D.S.C. Jan. 25, 2024). Further, the Supreme Court of the United States of America has not suggested *Borders*' construction of § 405(g) is incorrect. *See Sullivan v. Finkelstein*, 496 U.S. 617, 626 n.6 (1990). Accordingly, the Court will apply the *Borders* inquiry.

2344, 1995 WL 579275, at *1 (4th Cir. 1995) (holding that an order remanding a claim for Social Security benefits pursuant to sentence six of 42 U.S.C. § 405(g) is not a final order).

**The Five-Step Evaluation**

"Disability" is defined as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 consecutive months[.]

42 U.S.C. § 423(d)(1)(A).  To facilitate uniform and efficient processing of disability claims, federal regulations have reduced the statutory definition of disability to a series of five sequential questions.  The ALJ must consider whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment included in the Administration's Official Listings of Impairments found at 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from having substantial gainful employment. 20 C.F.R. §§ 404.1520, 416.920.  Through the fourth step, the burden of production and proof is on the claimant.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).  If the inquiry reaches step five, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform, considering the claimant's age, education, and work experience.  *Id.*  If at any step of the evaluation the ALJ can find an individual is disabled or not disabled, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

**Substantial Gainful Activity**

"Substantial gainful activity" must be both substantial - involves doing significant physical or mental activities - and gainful - done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(a), (b), 416.972(a), (b). If an individual has earnings from employment or self-employment above a specific level set out in the regulations, he is generally presumed to be able to engage in substantial gainful activity. *Id.* §§ 404.1574-404.1575, 416.974-416.975.

**Severe Impairment**

An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. *See* 20 C.F.R. §§ 404.1520, 416.921. When determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments. 42 U.S.C. § 423(d)(2)(B); *see Walker v. Bowen*, 889 F.2d 47, 490-50 (4th Cir. 1989) (stating that, when evaluating the effect of a number of impairments on a disability claimant, "the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them"). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50. If the ALJ finds a combination of impairments to be severe, "the combined impact of the impairments shall be considered throughout the disability determination process." 42 U.S.C. § 423(d)(2)(B).

**Meets or Equals an Impairment Listed in the Listings of Impairments**

If a claimant's impairment or combination of impairments meets or medically equals the criteria of a listing found at 20 C.F.R. Pt. 404, Subpt. P, App.1 and meets the duration requirement found at 20 C.F.R. §§ 404.1509, 416.909, the ALJ will find the claimant disabled without

8

considering the claimant's age, education, and work experience.   20 C.F.R. §§ 404.1520(d), 416.920(d).

**Past Relevant Work**

The assessment of a claimant's ability to perform past relevant work "reflect[s] the statute's focus on the functional capacity retained by the claimant."  *Pass v. Chater*, 65 F.3d 1200, 1204 (4th Cir. 1995).  At this step of the evaluation, the ALJ compares the claimant's residual functional capacity ("RFC") with the physical and mental demands of his past relevant work.  20 C.F.R. §§ 404.1560(b), 416.960(b).

A claimant's RFC is the most that he can still do despite his limitations, and it is the ALJ's responsibility to make the RFC assessment by considering all relevant medical and other evidence in the record.  20 C.F.R. §§ 404.1545(a), (c), 416.945(a), (c).  Social Security Ruling ("SSR") 96-8p provides in pertinent part:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraph (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945. Only after that may [the] RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

1996 WL 374184, at *1.  The SSR further provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).  In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.  The adjudicator must also explain how any material

> inconsistencies or ambiguities in the evidence in the case record
> were considered and resolved.

*Id.* at *7.  Further, "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.*  Moreover, "[t]he RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.*

**Other Work**

As previously stated, once the ALJ finds that a claimant cannot return to his prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  *Grant*, 699 F.2d at 191.  To meet this burden, the Commissioner may sometimes rely exclusively on the Medical-Vocational Guidelines (the "Grids").  *Meyer v. Berryhill*, C/A No. 8:16-cv-03310-JMC-JDA, 2018 WL 3133422, at *5 (D.S.C. Jan. 4, 2018).  The Commissioner *may* exclusively rely on the Grids when a claimant does not have a nonexertional impairment.[4]  20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e); *see Gory v. Schweiker*, 712 F.2d 929, 930–31 (4th Cir. 1983) (stating that "[w]hen a claimant suffers from both exertional and nonexertional limitations, the [Grids] are not conclusive but may only serve as guidelines."); *Groth v. Comm'r of Soc. Sec. Admin.*, C/A No. 0:16-cv-01581-JMC, 2018 WL 4140666, at *2 (D.S.C. Aug. 30, 2018).

---

[4] An exertional limitation is one that affects the claimant's ability to meet the strength demands of jobs.  20 C.F.R. §§ 404.1569a(a), 416.969a(a).  A nonexertional limitation is one that affects the ability to meet the demands of the job other than the strength demands.  *Id.* §§ 404.1569a(a), 416.969a(a).  Examples of nonexertional limitations include, but are not limited to, difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed instructions; and difficulty seeing or hearing.  *Id.* §§ 404.1569a(c)(1), 416.969a(c)(1).

10

**Developing the Record**

The ALJ has a duty to fully and fairly develop the record. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

**Medical Opinions**

For claims filed on or after March 27, 2017, such as Plaintiff's herein, a regulatory framework for considering and articulating the value of medical opinions is provided by 20 C.F.R. §§ 404.1520c, 416.920c. The regulations define the term "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." *Id.* §§ 404.1513(a)(2), 416.913(a)(2). The ALJ should consider and articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. *Id.* §§ 404.1520c(b), (c), 416.920c(b), (c).

Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. 20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2). An ALJ may, but is not required to, explain how the remaining factors were considered. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). In evaluating the supportability of an opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) … the more persuasive the medical opinions … will be." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). In evaluating the consistency of an opinion, "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be." *Id.* §§

11

404.1520c(c)(2), 416.920c(c)(2). When a medical source provides multiple medical opinions, the ALJ "will articulate how [he] considered the medical opinions … from that medical source together in a single analysis …." *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). ALJs "are not required to articulate how [they] considered each medical opinion … from one medical source individually." *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1).

**Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1517, 416.917.

**Pain and Subjective Symptoms**

Congress has determined that a claimant will not be considered disabled unless he or she furnishes medical and other evidence (*e.g.*, medical signs and laboratory findings) showing the existence of a medical impairment that could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). SSR 16-3p provides, "[i]n considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." 2017 WL 5180304, at *4; *see* 20 C.F.R. §§ 404.1529(c)(1)-(c)(2), 416.929(c)(1)-(c)(2) (outlining evaluation of pain).

In evaluating claims of disabling pain or other subjective symptoms, the ALJ must proceed in a two-part analysis. *Morgan v. Barnhart,* 142 F. App'x 716, 723 (4th Cir. 2005); *see* SSR 16-3p, 2017 WL 5180304, at *3-4. First, "the ALJ must determine whether the claimant has produced

medical evidence of a medically determinable impairment which could reasonably be expected to produce" the alleged symptoms. *Morgan*, 142 F. App'x at 723 (citation and internal quotation marks omitted); *see* SSR 16-3p, 2017 WL 5180304, at *3. Second, the ALJ must evaluate "the intensity and persistence of an individual's symptoms such as pain and determine the extent to which an individual's symptoms limit his or her ability to perform work-related activities ... or to function independently." SSR 16-3p, 2017 WL 5180304, at *4.

## <u>THE PARTIES' POSITIONS</u>

Plaintiff argues that the ALJ erred in finding that Plaintiff was not disabled. Plaintiff raises two issues which are asserted as error: (1) the ALJ failed to properly consider opinion testimony (ECF No. 13 at 12-15) and (2) the ALJ improperly penalized Plaintiff for failing to obtain additional treatment without analyzing whether Plaintiff was financially able to afford that treatment (ECF No. 13 at 15-17).

The Commissioner asserts that substantial evidence supports the ALJ's decision that Plaintiff did not meet the standard for disability. ECF No. 14 at 5. The Commissioner contends that the ALJ properly considered the opinion evidence, including the opinion of Dr. Joudeh, a consultative examiner. ECF No. 14 at 6-9. The Commissioner also argues that the ALJ properly analyzed the scope and nature or treatment Plaintiff received and appropriately evaluated Plaintiff's subjective complaints. ECF No. 14 at 9-15.

## <u>APPLICATION AND ANALYSIS</u>

The Court addresses below the two issues on which Plaintiff claims error by the ALJ: (1) Plaintiff contends the ALJ improperly evaluated the opinion of one expert and (2) Plaintiff argues that the ALJ improperly punished Plaintiff failing to seek or obtain additional treatment for his medical conditions based upon his financial inability to afford treatment.

**Opinion Evidence**

Plaintiff argues that the ALJ improperly evaluated Dr. Joudeh's opinion. ECF No. 13 at 11-15.[5] Dr. Joudeh performed a consultive examination of Plaintiff on May 23, 2023, in which he evaluated Plaintiff's history and conducted a physical examination. R. 2384-87. In the conclusion of Dr. Joudeh's report, he wrote the following:

> **CONCLUSION:** A 57-year-old Caucasian male with above complaints and diagnoses. Ability to lift, carry, push and pull is within normal. Ability to sit is within normal. Ability to Stand and Walk: He claims two hours secondary to dorsalgia and right knee pain. Posture: Occasional. Hand function is within normal. Shoulder function is within normal. Environmental Exposure: Within normal. Vision and speech are within normal. Hearing: None present on the right ear and normal on the left one. Mental status examination is normal and neuro examination is normal.

R. 2386.

Plaintiff's argument relates to the fourth sentence of the conclusion related to the ability to stand and walk. Plaintiff asserts that the ALJ indicated that a limitation in standing and walking did "not appear to be attributable to Dr. Joudeh." R. 35.[6] Therefore, the ALJ found that the sentence in this conclusion regarding Plaintiff's ability to stand and walk was not an opinion held by Dr. Joudeh but merely documentation of a statement from Plaintiff. *Id.* Plaintiff argues that the ALJ expressed uncertainty regarding Dr. Joudeh's opinions and was obligated to seek clarification. ECF No. 13 at 14-15.

---

[5] In one heading, Plaintiff references "Dr. Poonam's Opinion." ECF No. 13 at 13. However, this appears to be a typographical error because all of Plaintiff's argument relates to Dr. Joudeh's opinion.

[6] The ALJ found portions of Dr. Joudeh's opinions persuasive and other portions unpersuasive. R. 35. The ALJ found Plaintiff had greater limitations than Dr. Joudeh opined regarding the ability to climb ropes, ladders, or scaffold. *Id.* However, the ALJ found Dr. Joudeh's opinion regarding postural limitations was too restrictive based upon the record evidence. *Id.*

"[A]n ALJ will render a disability determination based on the available evidence when that evidence is consistent and sufficient. 20 C.F.R § 404.1502b(a). Conversely, an ALJ will not render a determination when the available evidence is incomplete, insufficient, or inconsistent. 20 C.F.R. § 404.1520b(b)." *Oakes v. Kijakazi*, 70 F.4th 207, 212-13 (4th Cir. 2023). Evidence is inconsistent "when it conflicts with other evidence, contains an internal conflict, [or] is ambiguous." 20 C.F.R. § 404.1520b(b). When confronted with inconsistent evidence, the ALJ may: (1) recontact a medical source, (2) request additional evidence, (3) request a consultative examination, and/or (4) ask the claimant or others for more information. *Id*. § 404.1520b(b)(2)(i)-(iv).

Plaintiff relies on *Oakes* to argue that Dr. Joudeh's opinion was "ambiguous" and that the ALJ should have made a § 404.1520b(b)(2) inquiry. 70 F.4th 207. In *Oakes*, the plaintiff sought disability benefits due to pain that regularly shot from his lower back down his legs, preventing him from either standing or sitting for long periods. *Id*. at 210. After ordering a consultative examination, the ALJ found the subject opinion that Oakes "appear[s]" to need "an assistive device" and "may have difficulty with rough and uneven surfaces as well as inclines, declines, or stairs" unpersuasive. *Id*. at 211, 218. The United States Court of Appeals for the Fourth Circuit explained, "[t]o the extent that Dr. Samia's justification for his ambulatory-device recommendation was ambiguous, the medical record is incomplete and the ALJ should have 'take[n] additional actions' to seek clarification." *Id*. at 213 (quoting 20 C.F.R. § 404.1520b(b)). The Fourth Circuit concluded, "when an administratively ordered consultative examiner's opinion contains what ought to be an easily clarified ambiguity on a key issue, it logically follows that an ALJ must engage in a simple § 404.1520b(b)(2) inquiry." *Id*. at 214.

Here, the ALJ did not make a finding that Dr. Joudeh's opinion was ambiguous, so the ALJ did not engage in a further inquiry regarding his opinion. The Court also does not find that the conclusion of Dr. Joudeh's report is ambiguous.

The term "medical opinion" is defined as "a statement from a medical source about that you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). The language used by Dr. Joudeh in the conclusion of the report regarding the ability to stand and walk included a notation that the information was what Plaintiff "claim[ed]" to be able to do. R. 2386. No other sentence of the conclusion contained a similar notation or qualifier. The language used indicates that this sentence is a notation of information reported by Plaintiff, not an opinion of Dr. Joudeh. A physician's notation of a claimant's subjective complaints does not transform those subjective complaints into objective medical findings or medical opinions. *Wilkes v. Colvin*, C/A No. 9:15-0540-JMC-BM, 2016 WL 11423541, at *7[7] (D.S.C. Feb. 25, 2016) (citing *Craig*, 76 F.3d at 590 n. 2 (finding that a medical source does not transform the claimant's subjective complaints into objective findings simply by recording them in a report); *Morris v. Barnhart*, 78 F. App'x 820, 824 (3d Cir. 2003) ("[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion.")). The mere notation of a claimant's subjective beliefs does not require the ALJ to treat those comments as opinion evidence.

Plaintiff's reading of *Oakes* would require remand any time a plaintiff disagrees with the ALJ's interpretation of a consultive examiner's report. The Court does not believe that *Oakes* can

---

[7] The Report and Recommendation was adopted by an opinion which does not address this issue cited. *Wilkes v. Colvin*, C/A No. 9:15-0540-JMC-BM, 2016 WL 4646259 (D.S.C. Sept. 7, 2016).

be read so broadly. *Oakes* is also distinguishable because it does not address whether a particular statement is a medical opinion but whether supporting a medical opinion only by the claimant's subjective complaints, and not objective medical evidence, is sufficient. 70 F.4th at 213. Further, the record in this matter is not "extremely sparse," as was the record in *Oakes*. *Id.* As to the issue of Plaintiff's ability to stand and walk,, there was additional evidence in the record which the ALJ could and did evaluate to reach a decision, including Dr. Kmonicek's opinions (R. 98-100, 105-07), Dr. Crosby's opinions (R. 116-18, 124-26), and extensive medical records regarding Plaintiff's treatment and evaluations regarding his broken leg (*see generally* R. 829-2018, 2020-2356). The ALJ properly relied on this additional information in the record instead of making a § 404.1520b(b)(2) inquiry. *Crawford v. Comm'r of Soc. Sec. Admin.,* C/A No. 8:24-cv-2882-DCC, 2025 WL 2778366, at *5 (D.S.C. Sept. 30, 2025) (finding that the ALJ may rely on other means to interpret a consultative expert's report, including reliance on other record evidence).

Plaintiff's desire for the Court to attribute greater weight to this sentence in Dr. Joudeh's report does not support reversal. *Slaughter v. Barnhart*, 124 F. App'x 156, 157 (4th Cir. 2005) ("It is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Commissioner so long as the decision is supported by substantial evidence.") (citation omitted). The ALJ properly evaluated Dr. Joudeh's report and opinions.

**Failure to Obtain Additional Treatment**

Plaintiff argues that the ALJ erred by drawing an adverse inference from Plaintiff failing to seek or obtain additional treatment for his medical conditions, relying on *Lovejoy v. Heckler*, 790 F.2d 1114 (4th Cir. 1986). In support of this, Plaintiff references the ALJ's description of Plaintiff's treatment as "conservative." ECF No. 13 at 16 (citing R. 30, 31, 34, 35).

17

The Commissioner argues that the ALJ did not violate the directive of *Lovejoy*, the ALJ articulated several valid reasons for finding Plaintiff's subjective allegations were not fully consistent with the objective medical and other evidence in the record, and the Court should give deference to the ALJ's weighing of the evidence. ECF No. 14 at 14.

In general, an ALJ may properly rely upon the failure to seek treatment as an indicator that the claimant's symptoms were not a source of distress. *See Johnson*, 434 F.3d at 658 (4th Cir. 2005) (noting the failure to seek treatment constitutes a reason for discounting subjective claims). Nevertheless, under SSR 16-3p, when the frequency or extent of medical treatment does not seem comparable to the degree of the subjective complaints, an ALJ

> ... will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not ... seek treatment consistent with the degree of his or her complaints. [The ALJ] may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not ... sought treatment in a manner consistent with his or her complaints. When [the ALJ] consider[s] the individual's treatment history, [the ALJ] may consider (but [is] not limited to) one or more of the following: An individual may not be able to afford treatment and may not have access to free or low-cost medical services.... [An ALJ] will consider and address reasons for not pursuing treatment that are pertinent to an individual's case. [The ALJ] will review the case record to determine whether there are explanations for inconsistencies in the individual's statements about symptoms and their effects, and whether the evidence of record supports any of the individual's statements at the time he or she made them. [The ALJ] will explain how [he or she] considered the individual's reasons in [the ALJ's] evaluation of the individual's symptoms.

2017 WL 5180304, at *9-10.

The Fourth Circuit has concluded that it is erroneous to consider the claimant's failure to seek treatment as a factor in the determination of disability when that failure is justified by lack of funds. *Lovejoy*, 790 F.2d at 1117; *see Fleming v. Astrue*, C/A No. 5:11-cv-304-DCN-KDW, 2012

18

WL 3686622, at *16-17 (D.S.C. Jul. 10, 2012) (finding that the ALJ's credibility assessment was flawed and remanding the case because the ALJ considered the plaintiff's failure to seek treatment as a factor in the disability determination when the record reflected that the plaintiff did not have the financial resources to obtain treatment), *R&R adopted by* 2012 WL 3679628 (D.S.C. Aug. 24, 2012). This is based upon the fact that a claimant "may not be penalized for failing to seek treatment she cannot afford; 'it flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.'" *Lovejoy*, 790 F.2d at 1117 (citing *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)). The record contains evidence and testimony regarding Plaintiff's lack of insurance and potential inability to pay. *See*, *e.g.*, R. 54, 63, 843. Therefore, under *Lovejoy*, the failure to seek treatment should not have been considered or, under SSR 16-3p, if the ALJ is relying on a lack of treatment, the ALJ should explain how he considered Plaintiff's inability to pay in assessing why the medical records might be more sparse than would be expected based upon the subjective complaints.

However, the Court can find no place in the ALJ's decision where the ALJ relied upon a lack of treatment as a basis to discount Plaintiff's subjective complaints. The record contains documentation of Plaintiff obtaining treatment from various providers, including specialists in orthopedics and cardiology. The ALJ thoroughly summarizes that record. R. 30-36. Plaintiff references the ALJ's description of Plaintiff's treatment as "conservative". ECF No. 13 at 16 (citing R. 30, 31, 34, 35).[8] However, these are merely descriptions of the nature of treatment recommended by treating medical providers and are not a commentary regarding a lack of care or failure to obtain care. The mere notation of "conservative" treatment does not require the Court

---

[8] The ALJ described as "conservative" the treatment provided for hypertension (R. 30), the treatment for GERD (R. 31), and general course of treatment other than the leg surgery (R. 34-35).

19

to disregard the ALJ's decision under *Lovejoy*.  *See*, *e.g.*, *King v. Kijakazi*, C/A No. 4:22-cv-03136 MGL-TER, 2023 WL 10947197, at *11 (D.S.C. Oct. 31, 2023), *R&R adopted sub nom. by King v. O'Malley*, C/A No. 4:22-cv-03136-MGL, 2024 WL 1349039 (D.S.C. Mar. 28, 2024).  The record and the ALJ's decision do not support the assertion that Plaintiff has been penalized for failing to seek treatment that he cannot afford.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and was reached through application of the correct legal standard.  Therefore, the undersigned **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

December 30, 2025
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

20

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).